**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| JONATHAN BRYAN CHAVARRIA MARTINEZ, <br><br> *Petitioner*, <br> v. <br><br> MARKWAYNE MULLIN, *in his official capacity as* Secretary of the U.S. Department of Homeland Security; <br> TODD BLANCHE, *in his official capacity as* Acting U.S. Attorney General; <br> DAVID J. VENTURELLA, *in his official capacity as* Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; <br> MARY DE ANDA-YBARRA, *in her official capacity as* Field Office Director of the El Paso Field Office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations; *and* <br> WARDEN of ERO El Paso Camp, East Montana Facility, <br><br> *Respondents*. | §§§§§§§§§§§§§§§§§§§§§§§§§§§ | EP-26-CV-00667-DCG |

**FINAL JUDGMENT**

On July 13, 2026, the Court granted Petitioner Jonathan Bryan Chavarria Martinez's

Petition for Writ of Habeas Corpus (ECF No. 1) and ordered Respondents to release Petitioner

from custody within seven days.[1] Petitioner alerted the Court that "on June 15, 2026, the

---

[1] Order, ECF No. 7, at 5.

Immigration Court granted Petitioner's application for asylum" and later that month, "Petitioner was released from ICE custody."[2]

Petitioner has obtained the habeas relief to which he is entitled, so there appears to be nothing further for the Court to do in this case. The Court thus enters its Final Judgment under Federal Rule of Civil Procedure 58.[3]

There being no just cause for delay, this is a **FINAL** and **APPEALABLE** judgment.

The Court **CLOSES** the above-captioned case.

**So ORDERED and SIGNED this 15th day of July 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[2] *See* Pet'r's Advisory, ECF No. 8, at 1–2.

[3] FED. R. CIV. P. 58(a) ("Every judgment and amended judgment must be set out in a separate document . . . .").

*See* RULES GOVERNING SECTION 2254 CASES ("Habeas Rules"), Rule 1(a) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254").

*See also* Habeas Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"); Habeas Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").